IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | | Civil No. RDB-07-1237 |
| | * | (Criminal No. RDB-06-0238) |
| TIBURCIO VEGA | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 23, 2007, Tiburcio Vega, a federal prison inmate, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction and sentence imposed on November 29, 2006, following his plea of guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 841(a)(1). Vega alleges that he was denied effective assistance of counsel because his counsel did not seek a downward departure based upon Vega's status as a deportable alien. The government has filed an opposition. No hearing is necessary to decide this matter. *See* Local Rule 105.6. For the reasons set forth below, the Motion to Vacate under 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

Vega was charged along with three co-defendants in a two count indictment for drug trafficking crimes. During plea negotiations, government counsel and law enforcement sought Vega's cooperation in order to obtain information on the conspiracy. The government's request for Vega's cooperation was especially important due to the fact that the principal defendant in the case, Silvinio Garcia, was inadvertently deported by immigration officials prior to trial.

Despite the government's efforts, Vega refused to meet with government counsel and instead entered a guilty plea on Count One charging him with conspiracy to distribute and possess with the intent to distribute over 500 grams of cocaine. Vega received a mandatory minimum five year sentence without parole pursuant to 21 U.S.C. §§ 846 and 841(a)(1).

## ANALYSIS

The Supreme Court has established that "a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A prisoner who has entered a guilty plea can successfully challenge his sentence under 28 U.S.C. § 2255 on one of three bases: (1) the defendant's plea was not voluntary and intelligent; (2) the defendant did not receive effective assistance of counsel prior to entering the plea; or (3) that "on the face of the record the court had no power to enter the conviction or impose the sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also, Mabry*, 467 U.S. at 508; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Nowhere in his petition does Vega state that his guilty plea was not in full compliance with Rule 11 of the Federal Rules of Criminal Procedure. Indeed, the record reflects that his guilty plea was knowing and voluntary. It is well established that a defendant is bound "by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). The plea agreement makes clear that Vega knew he was pleading to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine.

The conviction under 21 U.S.C. §§ 846 and 841(a)(1) carries a minimum mandatory sentence of five years. In this case the Advisory Guideline scheme prescribed an offense level of 30 with an advisory range of 97-121 months for criminal history category I. As the government

notes, Vega could have been sentenced at an offense level of 30, and even with a three level downward adjustment for acceptance of responsibility, the advisory guideline range would have been 70-87 months. Instead, Vega benefitted from the plea agreement in that he received the mandatory minimum sentence of 60 months, which was lower than the applicable advisory guideline range.

A district court may not sentence below the mandatory minimum unless permitted under 18 U.S.C. §§ 3553(e) or 3553(f). *United States v. Allen*, 450 F.3dd 565, 568 (4th Cir. 2006).

Section 3553(f), also known as the "safety valve exception," requires a district court to impose a sentence within the applicable guideline despite any statutory minimum sentence if a defendant satisfies five requirements: "(1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in the offense, and (5) the defendant provided truthful information to the government concerning the crime." *United States v. Gasca*, No. 07-4954, 2008 U.S. App. LEXIS 22881, at *2 (4th Cir. Nov. 4, 2008) (citing 18 U.S.C. § 3553(f)). The defendant bears the burden of proving that all five of the safety value requirements have been satisfied. *United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996). It is clear from the facts of this case that Vega does not satisfy the fifth requirement of § 3553(f) due to his refusal to meet or cooperate with the government. Therefore, he did not qualify for a downward adjustment for the safety value under 18 U.S.C. § 3553(f).

Section 3553(e) provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another

person who has committed an offense." 18 U.S.C. § 3553(e). Section 5K1.1 of the Guidelines provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Because Vega refused to cooperate in the drug conspiracy case, the government did not submit a motion for substantial assistance.

Because 18 U.S.C. §§ 3553(e) and 3553(f) did not apply in this case, there was no authority that would permit the court to sentence Vega to a period of less than the mandatory minimum of 60 months. Therefore, even if Vega's counsel had made the argument for a downward adjustment due to the possibility of deportation following conviction, his argument would have been moot.

Accordingly, Vega's claim of ineffective assistance of counsel is without merit and his Motion to Vacate, Set Aside or Correct Sentence is DENIED.

A separate Order follows.

January 14, 2009

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge